JACOB BERMAN, PLAINTIFF, v. BENJAMIN SILVERMAN, DEFENDANT.

Argued June 7, 1923—Decided June 22, 1923.

**Opening of Judgment—Filing Answer Permitted—Merit of Case Considered.**

On rule to show cause why judgment should not be opened and the defendant permitted to file an answer.

Before Justices KALISCH and KATZENBACH.

For the application, *Thompson & Hanstein.*

*Contra, John F. K. Ries.*

PER CURIAM.

This matter comes before us on a rule to show cause why the defendant should not be permitted to have a judgment

entered by default against him opened and file an answer. The evidence taken under the rule discloss that a summons and complaint were served upon the defendant. The suit was brought to recover the amount due upon an alleged judgment obtained by the plaintiff against the defendant in the Common Pleas Court, No. 2, for the county of Philadelphia, in the State of Pennsylvania. The judgment roll annexed to the complaint shows that the Pennsylvania judgment was based upon a promissory note for the sum of $900, which was given by the defendant to the plaintiff. The note was upon a printed form which contained a warrant of attorney to confess judgment. This warrant, however, was left blank, although signed. After judgment was entered, an application was made to have the judgment stricken from the records on the ground that there was no authority upon the part of the plaintiff to fill out the blank power of attorney to confess judgment. From an inspection of the judgment roll it appears that the court considered this contention well founded and made the rule to show cause why the judgment should not be stricken from the records absolute. From this state of the record it would seem as if the defendant had a defence to the cause of action as set forth in the complaint. It also appears from the testimony that the defendant employed counsel who filed an affidavit of merits and that subsequently Messrs. Thompson and Hanstein were employed to file an answer and conduct the defence. They drafted an answer and served a copy thereof upon the attorney for the plaintiff, who filed a reply thereto. The case was noticed for trial and when it was about to be tried at the circuit it was discovered that the answer had not been filed through either inadvertence or neglect. The defendant's counsel was ready to go on with the trial of the case; but the plaintiff's counsel refused to do so. A judgment was then entered by default and an execution issued. The evidence taken also discloses that the defendant and his wife executed a deed to the wife of the plaintiff which the defendant contends was in satisfaction of the note. While this is disputed there is sufficient

24

in the testimony to incline us to the view that there may be merit in this contention of the defendant.

The defendant argued that he would lose a term of court if permission was given by this court to file an answer. We think that the loss of the term is the fault of the plaintiff's counsel, as the testimony discloses, as we have said, that he was given the option of a trial at the May term of the Atlantic Circuit, but declined to avail himself thereof. He had acted upon the belief, in filing a reply to the answer, that the answer had been filed. He therefore could not claim surprise by the failure to file it. Section 112 of the Practice act of 1903 provides as follows: "If in any action judgment shall pass against either party by reason of the failure of the attorney of such party to file any proper pleading, the court or a judge shall on application within one year after the entry of such judgment open said judgment and permit a proper pleading to be filed upon terms if in the opinion of the court or judge injury or wrong has resulted or may result from such failure."

We are of the opinion that the defendant should be permitted to file an answer. The judgment and the execution issued thereon may remain as a lien for the security of the plaintiff until the final disposition of the case, upon the condition that no proceedings be taken under the execution for the sale of the defendant's property until final disposition of the case.

No costs will be allowed to the defendant on this application.